IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS IVAN JAMES,<br><br>    Petitioner,<br><br>  v.<br><br>M. CASTELLAWS, Warden,<br><br>    Respondent.             / | No. C 06-07315 CW (PR)<br><br>ORDER GRANTING MOTION TO DISMISS HABEAS PETITION AS MOOT<br><br>(Docket no. 8) |

On November 28, 2006, Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging prison officials improperly searched his cell and falsely claimed to have found inmate-manufactured alcohol in his cell.

On January 3, 2007, the Honorable Martin J. Jenkins granted Plaintiff's motion to proceed in forma pauperis and dismissed the petition with leave to amend because the allegations did not implicate the fact or duration of his custody.

On January 23, 2007, Petitioner filed an amended petition alleging that the disciplinary sanction he received for possessing inmate-manufactured alcohol resulted in the loss of ninety-one days of good time credits. He claims he was deprived of his rights to due process and equal protection.

On July 6, 2007, the Court ordered Respondent to show cause why a writ of habeas corpus should not be issued.

On August 18, 2007, while this action was pending, Petitioner was released on parole. (Resp't Ex. 1.)

Before the Court is Respondent's motion to dismiss the petition on the ground that it is moot because Petitioner has been released from custody. Petitioner opposes the motion.

Pursuant to a Reassignment Order dated April 7, 2008, the instant case was reassigned from Judge Jenkins to the undersigned judge.

For the reasons set forth below, the Court finds the petition is moot and DISMISSES the instant petition.

## DISCUSSION

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. Throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).

An incarcerated or paroled convict's challenge to the validity of his conviction satisfies the case-or-controversy requirement because the incarceration or the restrictions imposed by the terms of the parole constitute a concrete injury, caused by the conviction and redressable by the invalidation of the conviction. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained and not considered moot. Id.

2

1    Courts may presume that a criminal conviction has continuing
2 collateral consequences. See id. at 8-12 (noting that Supreme
3 Court has been willing to accept hypothetical collateral
4 consequences for criminal convictions). This presumption, however,
5 does not extend to prison disciplinary proceedings. Wilson v.
6 Terhune, 319 F.3d 477, 481 (9th Cir. 2003), cert. denied, 539 U.S.
7 933 (2003). A prisoner seeking to challenge prison disciplinary
8 proceedings in a habeas petition must demonstrate that continuing
9 collateral consequences exist if the punishment imposed as a result
10 of the disciplinary action has expired. Id. Allegations that a
11 rules violation finding will affect classification, institutional
12 and housing assignments or privileges, and may result in a delay or
13 denial of parole, involve discretionary decisions too speculative
14 to constitute sufficient proof of collateral consequences. Id. at
15 481-82.

16    Here, Respondent claims that because Petitioner was released
17 on parole, he no longer has an injury satisfying the case-or-
18 controversy requirement, nor can he demonstrate any collateral
19 consequences. Therefore, Respondent maintains the present petition
20 should be dismissed as moot. In his opposition, Petitioner argues
21 that he was "not guilty" of the rules violation and that he should
22 not have been assessed a time credit forfeiture.

23    The Court lacks jurisdiction to consider Petitioner's habeas
24 petition because the record shows that he is no longer in prison.
25 His challenge to the prison disciplinary sanction has become moot.
26 He has not presented the court with a viable case or controversy,
27 thus jurisdiction is absent. Spencer, 523 U.S. at 7-8.

28

3

Additionally, Petitioner's case is moot because the Court is incapable of redressing his asserted injury.  He does not meet any exceptions that could allow his habeas petition to survive the mootness inquiry.  He has already been assessed the time credit forfeiture; therefore, the punishment imposed as a result of the disciplinary action has expired.  He has not alleged any continuing collateral consequences, resulting from the disciplinary sanction imposed upon him while he was incarcerated, that are sufficient to avoid dismissal on the ground of mootness.  See Wilson, 319 F.3d at 481.  Accordingly, the petition is dismissed as moot.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (docket no. 8) is GRANTED.  The petition for a writ of habeas corpus is DISMISSED as moot.  The Clerk of the Court shall enter judgment for Respondent, terminate all pending motions, and close the file.  The parties shall bear their own costs.

This Order terminates Docket no. 8.

IT IS SO ORDERED.

Dated: 8/28/08

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JAMES et al,

    Plaintiff,

v.

CURRY et al,

    Defendant.

Case Number: CV06-07315 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 28, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Curtis Ivan James
Prisoner Id P-66509
1-3B-29
P.O. Box 950
Represa, CA 95671

Stacey D Schesser
Department of Justice
Office of the Attorney General
455 Golden Gate Ave
Suite 11000
San Francisco, CA 94102

Dated: August 28, 2008

    Richard W. Wieking, Clerk
    By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\HC.06\James7315.dismissMOOT.frm    5