IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS IVAN JAMES,<br><br>　　　　Petitioner,<br><br>　v.<br><br>M. CASTELLAWS, Warden,<br><br>　　　　Respondent.<br>_____ | No. C 06-7315 CW (PR)<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

　　　Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to title 28 U.S.C. § 2254 alleging prison officials improperly searched his cell and falsely claimed to have found inmate-manufactured alcohol in his cell.  On January 23, 2007, he filed an amended petition alleging the disciplinary sanction he received for possessing inmate-manufactured alcohol resulted in the loss of ninety-one days of good time credits.  He claimed that he was deprived of his rights to due process and equal protection.  On August 18, 2007, while this action was pending, Petitioner was released on parole.  Respondent filed a motion to dismiss the petition as moot because Petitioner had been released from custody.  In an Order dated August 28, 2008, the Court granted Respondent's motion to dismiss.  See Aug. 28, 2008 Order at 4 (citing Wilson v. Terhune, 319 F.3d 477, 481-82 (9th Cir. 2003) (Allegations that a rules violation finding will affect classification, institutional and housing assignments or privileges, and may result in a delay or denial of parole, involve discretionary decisions too speculative to constitute sufficient proof of collateral consequences.), cert. denied, 539 U.S. 933 (2003)).

On September 16, 2008, the Court received from Petitioner a notice of appeal as to the Court's Aug. 28, 2008 Order dismissing the petition as moot. Petitioner did not seek a certificate of appealability; however, the Court will construe his notice of appeal as a request for COA. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997) ("If no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate.").

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits. See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485. Supreme

Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. See id.

    The Court has reviewed its Order Granting Motion to Dismiss Habeas Petition as Moot. In its August 28, 2008 Order, the Court determined that Petitioner had not alleged any continuing collateral consequences, resulting from the disciplinary sanction imposed upon him while he was incarcerated, that were sufficient to avoid dismissal on the ground of mootness. See Aug. 28, 2008 Order at 4 (citing Wilson, 319 F.3d at 481). Therefore, the Court dismissed the petition as moot. Because jurists of reason would not find this conclusion debatable or wrong, the request for a COA is DENIED.

    The Clerk of the Court shall forward to the Ninth Circuit Court of Appeals the case file, the Court's Order Granting Motion to Dismiss Habeas Petition as Moot, and this Order. See Asrar, 116 F.3d at 1270.

    IT IS SO ORDERED.

DATED: 3/10/09

                                  _____
                                  CLAUDIA WILKEN
                                  United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JAMES et al,

   Plaintiff,

 v.

CURRY et al,

   Defendant.

Case Number: CV06-07315 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 10, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Curtis Ivan James
Prisoner Id P-66509
1-3B-29
P.O. Box 950
Represa, CA 95671

Dated: March 10, 2009

            Richard W. Wieking, Clerk
            By: Sheilah Cahill, Deputy Clerk

4